UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CHUKWU E. AZUBUKO,                      )
            Plaintiff,                  )
                                        )       MBD No. 09-10152-DPW
       v.                               )
                                        )
BOSTON MUNICIPAL COURT, ET AL.,         )
            Defendants.                 )

                       MEMORANDUM AND ORDER
                          July 12, 2010

WOODLOCK, D.J.

I.   INTRODUCTION

     Plaintiff Azubuko ("Azubuko") has been found by several judges of this Court to be an abusive litigant.[1]  As a result, he has been enjoined from filing civil actions in this Court without first obtaining permission from a judicial officer.  In order to circumvent the Order enjoining him, Azubuko has engaged in a pattern of filing lawsuits in other districts, for the sole purpose of having those cases transferred into this Court.  As a result, a further Order issued modifying the Order enjoining Azubuko.  *See* Memorandum and Order (Docket No. 8 at 8), *Azubuko v. Empire Insurance Company, et al.*, C.A. 07-11958-EFH (providing

---

[1] *See* Judge Saris's Memorandum and Order in *Azubuko v. Commonwealth Auction Association*, 03mc10053-PBS, (12/17/03 (Docket No. 3)), and *Azubuko v. National Magazine Exchange*, 03mc10063-PBS (12/17/03 (Docket No. 2)) detailing a list (although not a fully inclusive list) of his cases.  Records indicate that in this Court, he has filed dozens of cases in this Court directly or through a transfer-in from another district.  Several other courts have recognized Azubuko's extensive litigation history and some have also imposed filing restrictions on Plaintiff.  Additionally, several monetary sanctions have been imposed, although Azubuko has not remitted any payment to the Court.

that any transferred-in civil actions would be immediately closed, with a notation on the docket).

Subsequently, on May 28, 2009, Azubuko filed, directly in this Court, a new civil complaint styled as an Emergency Writ of Mandamus/Injunction, along with an incomplete and unsigned *in forma pauperis* application. (Docket No. 2).  Thereafter, he filed a handwritten Motion for Leave to File a Lawsuit (Docket No. 1).[2] In view of the Motion for Leave to file, the matter stamped in as received and was opened pursuant to standard Clerk's Office practice as a Miscellaneous Business Docket and assigned to me in my capacity as the emergency Judge.

On January 13, 2010, Azubuko filed a pleading entitled "Plaintiff's Emergency Judicial Notice-Cancellation of Auto Insurance on 12/01/10" (Docket No. 8), seeking an Order prohibiting cancellation of his auto insurance and reinstatement of his driving license.

As with Azubuko's other pleadings filed in this Court, the complaint is rambling and not entirely coherent.  It appears that Azubuko received notice from the Massachusetts Registry of Motor Vehicles ("RMV") that his motor vehicle license was going to be suspended after he received a citation for a driving infraction. Azubuko asserts a myriad of allegations in connection with the

---

[2]Azubuko apparently hand delivered his complaint without a motion for leave to file the lawsuit, but was advised by the Clerk that he did not comply with the prior Orders enjoining him. He left the Clerk's Office and later returned with a handwritten motion.

suspension of his license, including, *inter alia*, treason by the Clerk Magistrate of the Boston Municipal Court, trespass by the Court (rendering its judgments null and void), violations of oaths of office, violation of his equal protection and due process rights, failure to train on civil rights liability under 42 U.S.C. § 1983, lack of judicial immunity, lack of skill, negligence, and official corruption.

Azubuko seeks an Order compelling the Boston Municipal Court and the RMV to hold a hearing, and further compelling these defendants to start sending out notices of hearing dates by certified mail.  He also seeks an Order reversing a decision of the Boston Municipal Court.  Finally, he seeks compensatory damages.

On July 9, 2010, Azubuko filed a Motion for a Temporary Restraining Order (Docket No. 10) against the Brookline Police Department Hackney Division, seeking an order prohibiting the suspension or revocation of his driver's license.  This motion was denied on July 9, 2010.

II. DISCUSSION

Upon review of Azubuko's litigation history, it is abundantly clear that he is one of the most abusive litigants in this District Court, and I can find no good basis upon which to lift the Order Enjoining him to permit this action to proceed as a new civil action.  Without belaboring the matter or discussing each and every impediment to his complaint, suffice it to say

that the allegations contained in the complaint are wholly frivolous, malicious, and vexatious, and his claims are not cognizable under law.  As a result of pleading deficiencies, Azubuko fails to set forth claims under Rule 8 of the Federal Rules of Civil Procedure.  More fundamentally, the Court lacks mandamus jurisdiction to compel the RMV to act.  In any event, the RMV, as an agency of the Commonwealth of Massachusetts, is entitled to sovereign immunity with respect to any money damage claim.  Further, with respect to the Boston Municipal Court claims, Azubuko asserts that the Massachusetts Supreme Judicial Court wrongfully denied his appeal; however, to the extent that he is now seeking an Order of this Court that would effectively overturn a final judgment of the Massachusetts state court, this Court lacks jurisdiction to do so, even if he alleges various constitutional deficiencies.  Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction over a final judgment of a state court.  *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008).  In other words, the doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court.'"  *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 68 (1st Cir. 2008) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005); *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

III. ORDERS

Based upon a finding that this action is yet another abusive filing by Azubuko, I <u>DENY</u> his Motion for Leave to Institute a Lawsuit (Docket No. 1), <u>DENY</u> his request for emergency injunctive relief, and <u>DENY</u> his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), as moot in view of this Order, and because it does not comply with the requirements of 28 U.S.C. § 1915(a). Further, to the extent Azubuko seeks either temporary or permanent injunctive relief with respect to his auto insurance and license suspension, revocation, and/or reinstatement, all of his requests are also <u>DENIED</u>. The Clerk shall not open this case as a new civil action, and shall terminate this miscellaneous business docket case based on this Memorandum and Order.

Finally, attempts by this Court to curb Azubuko's abusive filings have been to no avail, and he has been advised several times that he could be subject to further sanctions. In light of this, in order to ensure Azubuko has a clear understanding of matters which may proceed in this Court in the future, the prior Orders Enjoining him are hereby MODIFIED as follows:

> Until Azubuko first pays the monetary sanctions previously imposed by this Court (totaling $7,000.00),[3]

---

[3] A $5,000.00 sanction was imposed by Judge Young (suspended until another frivolous case filed; thereafter Judge Zobel and Judge O'Toole found subsequent frivolous cases, so the $5,000.00 is reinstated). Judge Lindsay imposed an additional fine of $1.000.00 *See* Memorandum and Order (Docket No. 12) dated April 6, 2006 in *Azubuko v. Suffolk Superior Court*, C.A. 05-10609-RCL.

5

except if the pleading is filed by a duly licensed attorney in accordance with Fed. R. Civ. P. 11,[4] Azubuko is not permitted to file any pleadings in this Court seeking to assert new claims or to obtain any kind of relief. This Order does not apply to any complaint or other pleading alleging either that he is in imminent danger of serious bodily harm, or other circumstances clearly indicating that it would be unconscionable to deny him an opportunity to seek redress, provided he demonstrates a factual and legal basis for such assertion. Any motion for leave to file a lawsuit must be accompanied by a certificate of good faith, and must demonstrate good cause for permitting a lawsuit to proceed. Any pleading submitted to the Court for filing that does not comport with the prior Orders of the Court and this Order, shall not be filed or stamped received by the Clerk, but shall be returned to Azubuko.

In this connection, the United States Attorneys Office is requested to commence collection proceedings for the fines imposed against Azubuko by this Court. The Clerk shall transmit a copy of this Memorandum and Order to the office of the United States Attorney.

SO ORDERED.                           /s/ Douglas P. Woodlock
                                      UNITED STATES DISTRICT JUDGE

---

A $1,000.00 further sanction was imposed by Judge Harrington on November 1, 2007, as well as a modification. *See* Memorandum and Order (Docket No. 8) in *Azubuko v. Empire Insurance Company, et al.*, C.A. 07-11958-EFH.

[4]Recognizing that Azubuko may lack funds to retain legal counsel, the Court will provide upon his request, a List of Legal Service Providers that may render legal assistance to him at no cost or low cost. Azubuko is obligated to make good faith efforts to obtain legal representation for any proposed new case before the Court would consider granting leave to file any new civil case.