```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

CHUKWU E. AZUBUKO,                 )
          Plaintiff,               )
                                   )    MBD No. 09-10152-DPW
     v.                            )
                                   )
BOSTON MUNICIPAL COURT, ET AL.,    )
          Defendants.              )
```

MEMORANDUM AND ORDER
September 10, 2010

WOODLOCK, D.J.

On July 12, 2010, I denied Chukwu Azubuko's ("Azubuko") Motion for Leave to Institute Lawsuit and various other motions seeking emergency injunctive relief.  *See* Memorandum and Order (Docket No. 12).  I also modified the prior Orders enjoining Azubuko, to require that before filing any pleadings in this Court, he must first pay the $7,000.00 in sanctions previously imposed by other judges unless the pleading is filed by duly-licensed counsel or unless the matter involves the threat of serious bodily harm or presents some other extenuating circumstance.  The Memorandum and Order provided that any pleading that did not comply with these directives would not be accepted for filing and would be returned by the Clerk.  I also requested that the United States Attorneys Office begin collection proceedings for the fines imposed against Azubuko.

Thereafter, on July 26, 2010, Azubuko filed a Response (Docket No. 13).  That Response is virtually incoherent, but I construe it to be an Objection to the Memorandum and Order and a request for reconsideration of the rulings contained therein.

On August 31, 2010, the Clerk's Office received Azubuko's *pro se* "Motion for New Trials: Amendment of Judgmen [sic] or Relief from Judgement/Order or Jury Trial on Related Cases." That pleading was returned to Azubuko, undocketed, pursuant to the Memorandum and Order.  I have reviewed that motion and also construe it as a further Motion for Reconsideration of the rulings contained in the Memorandum and Order.  Notwithstanding my prior Order, I direct the Clerk to docket Azubuko's motion for the record.

I find nothing presented in either Azubuko's Response (Docket No. 13), or his later motion that would demonstrate any *bona fide* grounds for vacating my prior rulings on July 12, 2010. First, as noted above, the pleadings are incoherent.  Second, Azubuko's perception of various legal doctrines entitling him to relief simply is misplaced.  Third, Azubuko's substantial abusive litigation history has gotten him to this point, and I see no basis to relieve him from improvident and contumacious filings without consequence.

Accordingly, I <u>DENY</u> Azubuko's request to reopen his earlier cases, as those are not properly raised in this miscellaneous business docket case.  I also <u>DENY</u> Azubuko's request to reopen or reinstate this action.  To the extent Azubuko seeks reconsideration of the rulings contained in the Memorandum and Order (Docket No. 12), his request is <u>DENIED</u>, including his request to vacate the sanctions imposed or to request the United

States Attorneys Office commence collection proceedings against him.  The Memorandum and Order (Docket No. 12) remains in effect in its entirety.


SO ORDERED.                          /s/ Douglas P. Woodlock
                                     UNITED STATES DISTRICT JUDGE