UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CHUKWU E. AZUBUKO,                )
        Plaintiff,                )
                                  )     MBD No. 09-10152-DPW
        v.                        )
                                  )
BOSTON MUNICIPAL COURT, ET AL.,   )
        Defendants.               )


                      MEMORANDUM AND ORDER
                       September 27, 2010

WOODLOCK, D.J.

I.      INTRODUCTION

     On July 12, 2010, I denied Chukwu Azubuko's ("Azubuko") Motion for Leave to Institute Lawsuit and various other motions seeking emergency injunctive relief.  *See* Memorandum and Order (Docket No. 12).  I also modified the prior Orders enjoining Azubuko, to require that before filing any pleadings in this Court, he must first pay the $7,000.00 in sanctions previously imposed by other judges unless the pleading is filed by duly-licensed counsel or unless the matter involves the threat of serious bodily harm or presents some other extenuating circumstance.  The Memorandum and Order provided that any pleading that did not comply with these directives would not be accepted for filing and would be returned by the Clerk.  I also requested that the United States Attorneys Office begin collection proceedings to collect on the fines imposed against Azubuko by other judges of this Court.

     Thereafter, on July 26, 2010, Azubuko filed a Response (Docket No. 13), which I construed to be an Objection to the

Memorandum and Order and a request for reconsideration of the rulings contained therein.

On August 31, 2010, the Clerk's Office received Azubuko's *pro se* "Motion for New Trials: Amendment of Judgmen [sic] or Relief from Judgement/Order or Jury Trial on Related Cases." That pleading was returned to Azubuko, undocketed, pursuant to the directives contained in the Memorandum and Order. Nevertheless, I reviewed that motion and directed that a copy be docketed (later docketed as Docket No. 16). I construed it as a further Motion for Reconsideration.

On September 10, 2010, I issued a Memorandum and Order (Docket No. 14) denying Azubuko's "Motion for New Trials: Amendment of Judgmen [sic] or Relief from Judgement/Order or Jury Trial on Related Cases." I also denied Azubuko's request to reopen his earlier cases and his request to vacate the monetary sanctions imposed or to withdraw the request for the United States Attorney's Office to commence collection proceedings against him.

On September 14, 2010, Azubuko filed a "Motion for Three-Judge Court [28 USC Section 2284]" (Docket No. 15, dated September 10, 2010). The pleading is not entirely coherent, but it is clear that Azubuko contests the imposition of sanctions and takes issue with the Clerk's return of his August 31, 2010 pleading.

Thereafter, on September 21, 2010, Azubuko filed another

2

"Motion for Three Judge Court [28 USC Section 2284]" (Docket No. 17). Again, the pleading is not entirely coherent, but it is clear that he takes issue with the $7,000,00 sanctions imposed against him.

II. DISCUSSION

I find nothing presented in either of Azubuko's Motions for Three-Judge Court (Docket Nos. 15 and 17) to warrant relief from my prior rulings. Without rehashing Azubuko's substantial litigation history -- a history characterized by frivolous, vexatious, and abusive filings -- I reject Azubuko's assertions that the imposition of sanctions against him was impermissible because he simply was attempting to assert his constitutional rights. Although that may indeed be Azubuko's subjective perception, the records of his cases demonstrate that Azubuko not only has a misperception of relevant law, but that he has repeatedly ignored the orders of judges of this court. Azubuko errs in believing that he continues to have an unfettered right to inundate the District Court with frivolous, abusive, and vexatious filings. Again, as I previously stated, Azubuko's substantial abusive litigation history has gotten him to this point, and I see no basis to relieve him from improvident and contumacious filings without consequence, particularly where he continues to drain the limited resources of this Court, to the detriment of other litigants in this Court.

Accordingly, I will DENY Azubuko's Motions for Three-Judge

Court with prejudice. Further, in order to impress upon Azubuko that no further waste of judicial resources will be tolerated, he is warned that additional monetary sanctions may be imposed should he continue to seek reconsideration or relief from the Orders entered in this action.

III. ORDER

In light of the above, it is hereby Ordered that Azubuko's Motions for Three Judge Court (Docket Nos. 15 and 17) are <u>DENIED</u> with prejudice.


SO ORDERED.                         <u>/s/ Douglas P. Woodlock</u>
                                    UNITED STATES DISTRICT JUDGE